**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, NJ 07701
(732) 383-7233
bcrowley@mchfirm.com
Brian T. Crowley
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 20-12285 (KCF) |
| MICHAEL G. DALY, | Honorable Kathryn C. Ferguson |
| Debtor. | Chapter 7 |

### APPLICATION FOR ENTRY OF A STIPULATION
### AND CONSENT ORDER PROVIDING FOR CLARIFICATION
### ON THE PRIORITY AND STATUS OF CERTAIN CLAIMS

John M. McDonnell, the chapter 7 trustee (the "Trustee"), not individually or personally, but as the Trustee for the bankruptcy estate of Michael G. Daly, the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, hereby requests the entry of a proposed stipulation and consent order (the "Stipulation and Consent Order") between the Internal Revenue Service (the "IRS") and the New Jersey Division of Taxation ("NJ Taxation" and together with the IRS and the Trustee the "Parties") providing for clarification on the priority and status of certain claims. In support thereof, the Trustee respectfully states:

1.      On February 11, 2020 (the "Petition Date"), the Debtor filed his voluntary petition (the "Petition") for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § § 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey. *See* Docket No. 1.

2.      On February 18, 2021, this Court entered an Order converting these proceedings from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.  *See* Docket No. 49.

3.      On February 18, 2021, Barry W. Frost, Esq. was originally appointed as the chapter 7 trustee for the Debtor's estate.  *See* Docket No. 50.

4.      The Debtor's 341(a) Meeting of Creditors (the "341 Meeting") was held on March 24, 2021.  *See* Docket *generally*.

5.      On July 21, 2022, John M. McDonnell, Esq. was appointed the successor Trustee for the Debtor's estate, has duly qualified and is acting in that capacity.  *See* Docket No. 40.

6.      On Schedule "A/B" of the Debtor's petition, the Debtor lists an equitable distribution interest in the eventual sale proceeds of certain real property at 4 Lakeview Drive, Tinton Falls, New Jersey 07712 (the "Tinton Falls Property") and noted the following "Debtor has a 50% interest in the net proceeds of the sale of the property as per Divorce Decree entered October 13, 2013.  The [Tinton Falls] Property value is estimated at $580,000.00".  *See* Docket No. 1.

7.      Based upon information and belief, the Tinton Falls Property was transferred from the Debtor and Robyn O'Brien Daly to Robin O'Brien Daly (the "Non-Debtor Titled-Owner") by deed dated May 8, 2009.

8.      Based upon further information and belief, on October 31, 2013, the Superior Court of New Jersey, Chancery Division, Family Part, County of Monmouth, entered a final Judgment of Divorce and Property Settlement Agreement whereby the parties (the Non-Debtor Titled-Owner and the Debtor) to that agreement agreed that each would be entitled to 50% of the

proceeds of the future sale of the Tinton Falls Property (the "Estate's Equitable Distribution Interest").

9.      Based upon information and belief, the estate's interest in the Estate's Equitable Distribution Interest was limited to the future sale proceeds received in a future sale of the Tinton Falls Property.

10.     The Trustee asserted the estate's ownership interest in the Estate's Equitable Distribution Interest.

11.     On January 20, 2021, the IRS filed an amended proof of claim no. 4-3 (the "IRS Claim") in which it claims it is owed a secured debt in the amount of $290,500.00, priority debt of $138,151.17, and a general unsecured non-priority debt of $6,559,826.69. *See* Docket No. 1 and Proof of Claim No. 4-3.

12.     On August 19, 2020, the New Jersey Division of Taxation filed a proof of claim no. 9-1 (the "NJ Claim" and together with the IRS Claim the "Government Claims") in which it claims it is owed a secured debt in the amount of $797,575.84, a priority debt of $20,000.00, and a general unsecured debt of $78,677.72. *See* Docket No. 1 and Proof of Claim No. 9-1.

13.     The Non-Debtor Titled-Owner desired to sell the Tinton Falls Property.

14.     The Trustee asserts, the secured portion of the Government Claims if the Government Claims were secured as to the Tinton Falls Property and/or the Estate's Equitable Distribution Interest and were paid in full to the IRS and the NJ Taxation then there would have been no equity in the Tinton Falls Property and/or the Estate's Equitable Distribution Interest.

15.     The IRS and the NJ Taxation did not object to sale of the Tinton Falls Property by the Non-Debtor Titled-Owner.

16.     Based upon information and belief, on or around January 2023, the Non-Debtor Titled-Owner sold the Tinton Falls Property and provided the Trustee the amount of $162,149.78 (the "Sale Proceeds") representing the 50% of the net sale proceeds of the Tinton Falls Property (*i.e.*, the Estate's Equitable Distribution Interest).

17.     The IRS and the NJ Taxation agreed the Sale Proceeds due the bankruptcy estate as to the Estate's Equitable Distribution Interest were to be paid to Trustee and the Government Claims, including the secured portion of the Government Claims, will be subordinated to all administrative claims under chapter 7 of the Bankruptcy Code.

18.     Based upon information and belief, the projected total chapter 7 fees and expenses total approximately $60,000 to $65,000.  These projected amounts are subject to change.

19.     Based upon further information and belief, while both the IRS and the NJ Taxation have secured portions to their claims, the IRS and the NJ Taxation have agreed that the IRS has a first lien priority position over the NJ Taxation as to all but $483.84 of the Sale Proceeds.  Thus, it is currently projected, after all administrative claims under chapter 7 of the Bankruptcy Code are paid, the NJ Taxation will be paid $483.84 as to the secured portion of its claim and the IRS would be paid approximately $95,000 as to the secured portion of its claim in a distribution to creditors.  These projected amounts are subject to change.

20.     Following good faith negotiations, the Parties desire to resolve this matter on the terms set forth in the Stipulation and Consent Order.

21.     The Parties believe that the Stipulation and Consent Order provides for efficient an expeditious means for providing for clarification on the priority and status of certain claims – specifically, the Government Claims and chapter 7 administrative claims.

22.     Indeed, there was no real dispute between the Parties but the Stipulation and Consent Order does provide clarity as to the claims and will allow the Trustee to move the case towards closure.

23.     Based on the foregoing, it is respectfully requested that the proposed Stipulation and Consent Order submitted herewith, the form of which has been agreed to by or on behalf of each of the Trustee, the IRS, and the NJ Taxation, be entered, and that this Court grant such other and further relief as it deems just and proper.

**McDonnell Crowley, LLC**
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*

By:    */s/ Brian T. Crowley*
        BRIAN T. CROWLEY

Dated:  June 19, 2023