# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

# FIRST AND FINAL FEE APPLICATION COVER SHEET

IN RE: Michael G. Daly

CASE NO.: 20-12285 (KCF)

CHAPTER: 7

APPLICANT: McDonnell Crowley, LLC

CLIENT: John M. McDonnell, Chapter 7 Trustee

CASE FILED:  February 11, 2021

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. SECTION 1746.

*/s/ Brian T. Crowley*        *July 10, 2023*
BRIAN T. CROWLEY               Date

## SECTION I, FEE SUMMARY

### First and Final Fee Application for the period
### March 18, 2021 through July 7, 2023

| | | |
|---|---|---|
| Total Fees Allowed to Date: | $ | 0.00 |
| Total Previous Fee Requested: | $ | 0.00 |
| Total Retainer (if applicable) | $ | 0.00 |
| Total Holdback (if applicable) | $ | 0.00 |
| Total Received by Applicant | $ | 0.00 |

| Name of Professional | Year Admitted | Total Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| Brian T. Crowley | 2004 | 49.60 | $425.00 | $21,040.00 |
| John M. McDonnell | 1990 | 0.30 | $465.00 | $139.50 |
| Paralegal | N/A | 13.30 | $195.00 | $2,593.50 |
| **Total** | | **63.20** | ***$376.16** | **$23,773.00** |

*Blended Rate

| | | |
|---|---|---|
| Total Requested This Application: | Fees: | $23,773.00 |
| | Disbursements: | $163.18 |
| | **TOTAL:** | **$23,936.18** |

*FIRST AND FINAL FEE APPLICATION COVER SHEET*

---

**SECTION II, ANALYSIS OF FEE BY COST CENTERS**
*(Where Applicable)*

---

| **SUMMARY OF SERVICES**: | _Hours:_ | _Fee:_ |
|---|---|---|
| *(a)  Telephone Calls* | *1.80* | *$765.00* |
| *(b) Correspondence drafted* | *3.90* | $1,657.50 |
| *(c) Correspondence reviewed* | *3.20* | $1,360.00 |
| *(d) Legal Research* | *0.90* | $382.50 |
| *(e) Preparation of pleadings and briefs* | *40.80* | $15,397.00 |
| *(f) Office meetings:* | | |
| *(1) internal meeting / communication with: Hours* <u>4.00</u>: *Fee:*<u>$1,700.00</u> | | |
| *(2) out of office meeting:*    Hours:  <u>0.00</u>    Fee:<u>$0.00</u> | | |
| TOTALS FOR (f): | *4.00* | $1,700.00 |
| *(g) Court appearance* | *0.00* | $0.00 |
| *(h) Update, Compile +& Analyze File / Document Reproduction* | *0.00* | $0.00 |
| *(i) Review of file* | *4.00* | $1,246.00 |
| *(k) Travel time* | *0.00* | $0.00 |
| *(l) Fee application preparation* | *3.00* | $585.00 |
| *(m) Other services* | *1.60* | $680.00 |
| **SERVICES TOTALS:** | **63.20** | **$23,773.00** |

**DISBURSEMENTS:**

**See Exhibit "C" Attached Hereto**

**DISBURSEMENTS TOTAL:**        **$163.18**

*FIRST AND FINAL FEE APPLICATION COVER SHEET*

---

### SECTION III, CASE HISTORY

---

*(1) Date case filed: February 11, 2020*

*(2) Chapter under which case commenced:  Chapter 11 then Converted to Chapter 7 on February 18, 2021*

*(3) Date of retention: March 26, 2021 and July 31, 2022 effective March 18, 2021.*
   *(Annex copy of order(s)).  See Exhibit "A" attached hereto*
   *If limit on numbers of hours or other limitations to retention, set forth: None*

*(4) Summarize in brief the benefits to the estate and attach supplements as needed:*

   *See attached application.*

*(5) Anticipated distribution to creditors:*

   *(a) Administration expense:*          *100% (Chapter 7 Administration).*

   *(b) Secured creditors:*               *Unknown.* *

   *(c) Priority creditors:*              *N/A.*

   *(d) General unsecured creditors:*     *N/A.*

*(6) Final disposition of case and percentage of dividend paid to creditors (if applicable):The Trustee is in the process of preparing his final report for submission to the Office of the United States Trustee.*

### CERTIFICATION

   *I certify that the within Fee Application Cover Sheet is a true and complete copy of the Fee Application Cover Sheet provided by the United States Bankruptcy Court for the District of New Jersey.*

                                          _/s/ Brian T. Crowley_____
                                          *BRIAN T. CROWLEY*

*Dated: July 10, 2023*

---

* *The Trustee projects a distribution to the creditors of the State of New Jersey and/or the Internal Revenue Service as to the secured portions of their respective claims.*

**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, NJ 07701
(732) 383-7233
bcrowley@mchfirm.com
Brian T. Crowley
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 20-12285 (KCF) |
| MICHAEL G. DALY, | Honorable  Kathryn C. Ferguson |
| Debtor. | Chapter 7 |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF**
**FEES AND EXPENSES TO COUNSEL TO CHAPTER 7 TRUSTEE**

TO:    HONORABLE KATHRYN C. FERGUSON,
        UNITED STATES BANKRUPTCY JUDGE:

The first and final fee application of McDonnell Crowley, LLC ("MC"), counsel to John M. McDonnell, the chapter 7 trustee (the "Trustee") for Michael G. Daly (the "Debtor"), respectfully shows unto the Court as follows:

1.    Your Applicants are attorney-at-law of the State of New Jersey duly admitted to practice before this Honorable Court.

2.    *The Trustee relies on the factual representations filed by the Trustee in his certification, which is expressly incorporated herein and filed with and in support of the within application and motion.*

3.    On February 11, 2020 (the "Petition Date"), the Debtor filed his voluntary petition (the "Petition") for relief under chapter 11 of Title 11 of the United States Code, 11

U.S.C. § § 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.  *See* Docket No. 1.

4.       On February 18, 2021, this Court entered an Order converting these proceedings from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.  *See* Docket No. 49.

5.       On February 18, 2021, Barry W. Frost, Esq. was originally appointed as the chapter 7 trustee for the Debtor's estate.  *See* Docket No. 50.

6.       The Debtor's 341(a) Meeting of Creditors (the "341 Meeting") was held on March 24, 2021.  *See* Docket *generally*.

7.       On March 18, 2021, Mr. Frost filed an application to employ the McDonnell Crowley, LLC as counsel to Mr. Frost in his capacity as the chapter 7 trustee of the Debtor's estate, and on March 26, 2021, this Court entered an order approving the original retention of the McDonnell Crowley, LLC.  *See* Docket Nos. 61 and 68.

8.       On July 21, 2022, John M. McDonnell, Esq. was appointed the successor Trustee for the Debtor's estate, has duly qualified and is acting in that capacity.  *See* Docket No. 40.

9.       On July 31, 2022, the Trustee filed a subsequent application to re-employ McDonnell Crowley, LLC as counsel to the Trustee, and on August 22, 2022, this Court entered an order approving the retention of McDonnell Crowley as counsel to the Trustee *nunc pro tunc* with an effective date of retention of March 18, 2021.  *See* Docket Nos. 107, 108, 109, 110, and 111 respectively.  A copies of such Orders are attached as **<u>Exhibit A.</u>**

10.    A review of the Docket in this case reflects to this Court that MC has made no prior application for an award of fees and expenses in connection with this matter.

11.    By the within fee application, MC seeks a first and final allowance of services performed for the benefit of the within estate from March 18, 2021 through July 7, 2023, and reimbursement for actual out-of–pocket expenses made during such period of time.

12.    During the period of time governed by the within fee application, MC performed a wide variety of legal services in connection with this matter including, but not limited to the following:

- Review Debtor's petition, schedules, and statement of financial affairs and certain pleadings filed in previous chapter 11 proceeding.

- Many of the issues in this case related to engaging in formal and informal litigation with a sale/settlement with the Debtor and a third party acquaintance of the Debtor as to the disposition of the estate's equitable interest in a family owned property at 4 Lakeview Drive, Tinton Falls, New Jersey 07712 (the "Tinton Falls Property") and following a failure of that sale/settlement, the eventual marketing and sale of the Tinton Falls Property by the former spouse and full title owner of the Tinton Falls Property - Robyn O'Brien Daly to Robin O'Brien Daly (the "Non-Debtor Titled-Owner").    While the sale/settlement with the Debtor and a third party acquaintance of the Debtor as to the disposition of the estate's equitable interest in the Tinton Falls Property was not successful (being canceled by the Debtor and the third party at the last minute) it involved numerous drafts and counter changes to the proposed sale/settlement agreement and related pleadings that did help clarify future dispositive issues and provide draft pleadings that were highly helpful in pleadings eventually filed with this Court.    There were numerous nuanced and unique issues in this case, including, but not limited to the disposition of the equitable estate's interest in the Tinton Falls Property, the inability to compel an actual timely sale of the underlying real property that was at the near complete discretion of the Non-Debtor Titled-Owner, potential claims under section 727 of the Bankruptcy Code against the Debtor, and resolving the priority and status of the secured claims of the New Jersey Division of Taxation ("NJ Taxation") and the Internal Revenue Service(the "IRS").

- By way of brief history, on Schedule "A/B" of the Debtor's petition, the Debtor lists an equitable distribution interest in the eventual sale proceeds of the Tinton Falls Property and noted the following "Debtor has a 50% interest in the net

proceeds of the sale of the property as per Divorce Decree entered October 13, 2013. The [Tinton Falls] Property value is estimated at $580,000.00". *See* Docket No. 1.

- Based upon information and belief, the Tinton Falls Property was transferred from the Debtor and Robyn O'Brien Daly to the Non-Debtor Titled-Owner by deed dated May 8, 2009. Based upon further information and belief, on October 31, 2013, the Superior Court of New Jersey, Chancery Division, Family Part, County of Monmouth, entered a final Judgment of Divorce and Property Settlement Agreement whereby the parties (the Non-Debtor Titled-Owner and the Debtor) to that agreement agreed that each would be entitled to 50% of the proceeds of the future sale of the Tinton Falls Property (the "Estate's Equitable Distribution Interest"). Based upon information and belief, *the estate's interest in the Estate's Equitable Distribution Interest was limited to only the future sale proceeds received in a future sale of the Tinton Falls Property.* Initially, it appeared neither the Debtor nor the Non-Debtor Titled-Owner wanted to sell the property. The Trustee asserted the estate's ownership interest in the Estate's Equitable Distribution Interest.

- On January 20, 2021, the IRS filed an amended proof of claim no. 4-3 (the "IRS Claim") in which it claims it is owed a secured debt in the amount of $290,500.00, priority debt of $138,151.17, and a general unsecured non-priority debt of $6,559,826.69. *See* Docket No. 1 and Proof of Claim No. 4-3. On August 19, 2020, the New Jersey Division of Taxation filed a proof of claim no. 9-1 (the "NJ Claim" and together with the IRS Claim the "Government Claims") in which it claims it is owed a secured debt in the amount of $797,575.84, a priority debt of $20,000.00, and a general unsecured debt of $78,677.72. *See* Docket No. 1 and Proof of Claim No. 9-1.

- The Non-Debtor Titled-Owner desired to sell the Tinton Falls Property and did not consult with the Trustee or his realtor until on the eve of a proposed closing – this lead to months of the Trustee's professionals playing last minute catch-up including, but not limited to gaining approval of the NJ Taxation and the IRS to satisfy the closing company given the unique nature of the transaction in bankruptcy where the formal approval of the Trustee as to the sale of the real property was not needed and where the NJ Taxation and the IRS do not have direct secured claims on the Tinton Falls Property but do have potential secured claims on all the proceeds due the estate from the proceeds due as to the Estate's Equitable Distribution Interest  The Trustee asserted, that if the secured portion of the Government Claims were secured as to the Tinton Falls Property and/or the Estate's Equitable Distribution Interest and were paid in full to the IRS and the NJ Taxation then there would have been no equity in the Tinton Falls Property and/or the Estate's Equitable Distribution Interest. However, the IRS and the NJ Taxation did not object to sale of the Tinton Falls Property by the Non-Debtor

Titled-Owner.   Based upon information and belief, on or around January 2023, the Non-Debtor Titled-Owner finally was able to sell the Tinton Falls Property and provided the Trustee the amount of $162,149.78 (the "Sale Proceeds") representing the 50% of the net sale proceeds of the Tinton Falls Property (*i.e.*, the Estate's Equitable Distribution Interest).  The IRS and the NJ Taxation agreed the Sale Proceeds due the bankruptcy estate as to the Estate's Equitable Distribution Interest were to be paid to Trustee and the Government Claims, including the secured portion of the Government Claims, will be subordinated to administrative claims under chapter 7 of the Bankruptcy Code.  Based upon further information and belief, while both the IRS and the NJ Taxation have secured portions to their claims, the IRS and the NJ Taxation have agreed that the IRS has a first lien priority position over the NJ Taxation as to all but $483.84 of the Sale Proceeds.  Thus, it is currently <u>projected,</u> after all administrative claims under chapter 7 of the Bankruptcy Code are paid, the NJ Taxation will be paid $483.84 as to the secured portion of its claim and the IRS would be paid <u>approximately</u> $95,000 as to the secured portion of its claim in a distribution to creditors.  These projected amounts are subject to change.   Following good faith negotiations, the Trustee, the IRS, and the NJ Taxation sought to resolve the disposition of the Sale Proceeds pursuant to the approval of the terms of a stipulation and consent order (the "Stipulation and Consent Order") that provided for an efficient an expeditious means for providing for clarification on the priority and status of certain claims – specifically, the Government Claims and chapter 7 administrative claims, pursuant to pursuant to sections 105, 323, 363, 507, 541, 704, and 724 of the Bankruptcy Code.   This Court approved the Stipulation and Consent Order on June 27, 2023, which has allowed the Trustee to move this case towards closure.  *See* Docket No. 115.

- Prepare and filed retention pleadings for MC. Prepared motion to destroy/abandon Debtor's books and records.

- Prepared and filed retention pleadings for accountant.

- Prepared and filed retention pleadings for the Trustee's realtor.

- (See Exhibit B).

- Prepared and filed motions to extend time to object to the Debtor's discharge.

- Prepared and filed final fee application for MC.

**<u>Miscellaneous Legal Services</u>**

13.     Also during the period of time governed by the within fee application, in addition to the aforementioned services, MC performed a variety of other legal services on the Trustee's behalf including, but not limited to, general telephone conversations with the Trustee, attorneys, and certain creditors; preparation of correspondence, settlement agreement documents, applications, and other pleadings; and numerous other services necessary to assist the Trustee in effectuating his duties under chapter 7 of the Bankruptcy Code.

14.     All of the services rendered by MC were necessary and of benefit to the within estate.

15.     MC shows that annexed as **<u>Exhibit B</u>** is its in-house computer printout itemizing all services performed in the within proceeding from March 18, 2021 through July 7, 2023.  As shown on such exhibit, MC has devoted in excess of 63.20 hours to this matter during such period of time having a value of $23,773.00.

16.     MC further shows that, as reflected on **<u>Exhibit C</u>** annexed, it has incurred additional out-of-pocket expenses in the amount of $163.18.

17.     MC further shows that, as reflected on **<u>Exhibit D</u>** annexed, a Certification in accordance with § 504 of the Bankruptcy Code and 18 U.S.C. § 155 is submitted simultaneously herewith.

**WHEREFORE**, McDonnell Crowley, LLC respectfully requests that an order be entered herein granting it a first and final allowance for fees in the amount of $23,773.00, plus reimbursement of out-of-pocket expenses in the amount of $163.18, for a total award of $23,936.18.

Respectfully submitted,

**McDONNELL CROWLEY, LLC**
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*
By:___*/s/ Brian T. Crowley*_____
        BRIAN T. CROWLEY

Dated: July 7, 2023